## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ALDER CROMWELL, and        )
CODY KEENER,               )
                           )
              Plaintiffs,  )
                           )        Case No._____
v.                         )
                           )
KRIS KOBACH, KANSAS SECRETARY )
OF STATE,                  )
                           )
              Defendant.   )

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, Alder Cromwell and Cody Keener, for their Complaint against Kansas Secretary of State Kris W. Kobach, state as follows:

### Nature of the Action

1.      This action arises under the Fourteenth Amendment to the U.S. Constitution and the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. 20501, *et seq.* and is brought on behalf of Plaintiffs, U.S. citizens and residents of the State of Kansas who registered to vote by paper application and through the department of motor vehicles.  The State of Kansas requires individuals registering to vote in federal and state elections to provide documentation of their citizenship.  K.S.A. § 25-2309(l). Secretary of State Kris W. Kobach has promulgated and issued a rule implementing a voter removal program which requires voter registration applicants to provide proof of citizenship within 90 days of submitting their application or their application will be deleted.  K.A.R. § 7-23-15.  There are currently more than 36,000 eligible voters who will be removed from the voter registration rolls in Kansas on October 2, 2015 pursuant to this promulgated rule.

1

2.      On January 1, 2013, a law requiring proof of citizenship for voter registrants became effective resulting in eligible voters who submit applications without the required documentation being marked as "in suspense" in the voter registration database.  Plaintiffs have both registered to vote and been marked "in suspense" in the statewide voter registration database for failure to provide documentation of their U.S. citizenship, as required by K.S.A. § 25-2309(l).

3.      This action is to obtain declaratory and injunctive relief against the Defendant enjoining the state's requirement of proof of citizenship and the rule promulgated and issued by the Secretary of State from being applied and enforced.  The rule was issued on September 17, 2015, and will begin to be applied on October 2, 2015.  Unless enjoined by this Court, the Defendant will direct the purging of more than 36,000 eligible voters from the Kansas voter registration rolls, including the Plaintiffs in this case.  Plaintiffs have no plain, speedy or adequate remedy at law other than the relief requested in this Complaint.

4.      Defendant Kris W. Kobach maintains its headquarters at 120 SW 10th Avenue, Topeka, KS 66612 and may be served with process through the Kansas Attorney General pursuant to K.S.A. § 60-304(d)(5).

## Jurisdiction and Venue

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States and pursuant to 52 U.S.C. § 20510, which provides for jurisdiction of actions brought under the NVRA.

6.      This Court has personal jurisdiction over the Defendant because he does business in, and is an elected officer of, the State of Kansas.

7.      Venue is proper in this district pursuant to 29 U.S.C. § 20510 because the violations took place in this district and the Defendant resides in this district.

**Parties**

8.      Plaintiff Alder Cromwell is a U.S. citizen, a Kansas resident, and a duly qualified elector for local, state and federal elections in Kansas.  On or about March 27, 2015, Mr. Cromwell applied to register to vote in Kansas by filling out the Kansas Voter Registration Form and attesting under penalty of perjury to his U.S. Citizenship and eligibility to vote.  On or around April 17, 2015 his application was received by the Douglas County Clerk's office.  Mr. Cromwell did not submit the requested documentation proving citizenship and received notification on or about April 27, 2015, that his application was therefore added to the statewide voter roll with a designation of "in suspense."

9.      Plaintiff Cody Keener is a U.S. citizen, a Kansas resident, and a duly qualified elector for local, state and federal elections in Kansas.  On or about December 22, 2014, Mr. Keener went to the department of motor vehicles to renew his driver's license.  While he was there he was asked and elected to register to vote through the department of motor vehicles[1].  His information was transmitted electronically to the Secretary of State's office who then transmitted it to the Douglas County Clerk's office.  On or about December 29, 2015, Mr. Keener was notified by the Douglas County Clerk's office that he had been placed in the statewide voter registration database and marked as "in suspense" because he had not submitted documentation of his U.S. citizenship.

10.     Defendant Kris W. Kobach is the chief election officer for the State of Kansas charged with overseeing the Kansas electoral system and complying with and enforcing the NVRA with his office located at 120 SW 10th Avenue, Topeka, KS 66612.

**Factual Allegations**

11.     On May 20, 1993, the U.S. Congress passed the NVRA, which requires that states adopt procedures to allow eligible persons to register to vote: (1) by applications made

---

[1] Department of Motor Vehicles is also referred to as Driver's License Bureau as it relates to licensure of Kansas drivers.

simultaneously with a driver's license application or renewal; (2) by mail using mail-in forms developed by the Election Assistance Commission; and (3) by application at state offices that provide public assistance. *See* 42 U.S.C.A. §§ 1973gg-gg-10. The NVRA became effective on January 1, 1995.

12.    Congress enacted the NVRA on the findings that the right of citizens of the United States to vote is a fundamental right, it is the duty of the Federal, State and local governments to promote the exercise of that right; and discriminatory and unfair registration laws and procedures can have a direct and damaging effect on voter participation in elections for Federal office and disproportionately harm voter participation by various groups, including racial minorities. 52 U.S.C.A. § 20501(a).

13.    The purposes of the NVRA are to establish procedures that will increase the number of eligible citizens who register to vote, protect the integrity of the electoral process and ensure that accurate and current voter registration rolls are maintained. 52 U.S.C.A. § 20501(b).

14.    Soon thereafter, the Kansas Legislature enacted legislation to implement NVRA mandates, including authorization of the secretary of state, as the chief state election official, to promulgate related rules and regulations. K.S.A. § 25-2355 ("The secretary of state may adopt rules and regulations to comply with the national voter registration act."); *see* 1996 Kan. Sess. Laws Ch. 187 (H.B. 2079).

15.    Under the 1996 Kansas state statutes which implemented the NVRA voter registration mandates, "[t]he secretary of state is hereby authorized to adopt such rules and regulations in the manner prescribed by law as may be necessary for the administration of the provisions of this section." K.S.A. § 25-2352(g); 1996 Kan. Sess. Laws Ch. 187 (H.B. 2079), § 14. At the time, the Filing Act defined "rule and "regulation" as "a standard, statement of policy or general order, including amendments or revocations thereof, of general application and having the

effect of law, issued or adopted by a state agency to implement or interpret legislation enforced or administered by such state agency or to govern the organization of procedure of such state agency." 1996 Kan. Sess. Laws Ch. 43 (H.B. 2643), § 4' *see* K.S.A. § 77-415(c)(4).

16.     The Secretary of State promulgated rules and regulations authorized by the amended 1996 elections law, including Kansas Administrative Regulations (K.A.R.) § 7-37-1 (implementing voter registration procedures for driver's license applications and renewals), K.A.R. § 7-38-1 (implementing voter list maintenance procedures), and K.A.R. § 7-23-2 (regulating registration records).

17.     On April 1, 2011, the Kansas State Legislature passed omnibus elections reform bill H.B. 2067, the "Secure and Fair Elections Act" ("SAFE").  On April 18, 2011, the Kansas Governor signed the SAFE Act into law.

18.     SAFE requires county elections officers or the Secretary of State's office to accept any completed application for registration, but specifies that "an applicant shall not be registered until the applicant has provided satisfactory evidence of United States citizenship."  K.S.A. § 25-2309(l).  The documentation of citizenship requirement is satisfied by presenting one of thirteen documents listed in the statute.  *Id.*

19.     On January 1, 2013, the documentary evidence of citizenship portion of K.S.A. § 25-2309 became effective, requiring new registrants to provide documentary proof of U.S. citizenship before they would be registered to vote.  The implementing regulations also became effective, requiring that "[i]f any applicant to whom this subsection applies fails to submit satisfactory evidence of United States citizenship in accordance with this subsection and the applicant casts a provisional ballot, the ballot shall not be counted."  K.A.R. § 7-23-14(b)(3).

20.     Soon thereafter, Defendant created a procedure by which voter registration applicants who did not submit proof of U.S. citizenship documents with their registration

application were entered into the statewide voter registration database flagged as in "suspense" and thus prohibited from voting in local, state and federal elections unless or until they provided documentation of citizenship.  There are currently more than 36,000 voters "in suspense" and unable to vote in such elections.

21.     On June 25, 2015, Secretary of State Kris Kobach proposed a new administrative rule which requires voter registration applicants in the statewide voter registration database who have not submitted their documentation of U.S. citizenship to do so within 90 days or their registration will be removed from the statewide voter registration database.  K.A.R. § 7-23-15.  This date also constituted the beginning of the 60-day public comment period.[2]

22.     A public hearing was conducted on September 2, 2015 and the permanent administrative regulation was published in the Kansas Register on September 17, 2015 to be effective October 2, 2015.  Vol. 34, No. 38, pg. 1033.  No responses to public comments have been posted to the knowledge of the Plaintiffs at the time of filing this Complaint.

23.     On June 17, 2013, the U.S. Supreme Court ruled in *Arizona v. Inter-Tribal Council of Arizona* that states may not impose a documentary proof of citizenship requirement with respect to individuals seeking to register to vote using the "Federal Form," a simple, uniform one-page voter registration application prescribed by the NVRA.  133 S. Ct. 2247, 2257 (2013).

24.     As required by the NVRA, the citizenship status of voter registration applicants who register using the Federal Form is verified by requiring that applicants attest to their U.S. citizenship under penalty of perjury.  *See* 42 U.S.C.A. § 1973gg-7(b)(2).  That system was upheld by the Supreme Court in *Inter-Tribal Council* as sufficient for voter registration applicants for federal elections.

25.     The U.S. Supreme Court in *Inter-Tribal Council* held that the NVRA requires states to register all Federal Form applicants who are eligible to vote and comply with the Form's

---

[2] http://www.kssos.org/pubs/KAR/2015/7-23-14_proposed_reg.pdf (retrieved 9/29/15).

requirements and that the statute "preludes [a state] from requiring a Federal Form applicant to submit information beyond that required by the form itself."  133 S. Ct. at 2260; 42 U.S.C.A. § 1973gg-4(a)(1).  Thus, any "state-imposed requirement of evidence of citizenship beyond the attestation is inconsistent with the NVRA . . ." and is preempted by it.  133 S. Ct. at 2257 (citation omitted) (internal quotation marks omitted).

## COUNT I
### (Violation of U.S. Const. Amend. XIV § 1)

26.     The Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs as if fully set forth herein.

27.     The Fourteenth Amendment to the United States Constitution prohibits states from depriving any person of "life, liberty, or property, without due process of law."  U.S.C.A. Const. Amend. XIV § 1.

28.     Where state laws burden fundamental constitutional rights such as the right to vote, states must demonstrate a compelling state interest that is narrowly tailored for that law to be upheld.

29.     Since the SAFE Act's requirement of documentation proving U.S. citizenship has taken effect, more than 36,000 Kansans have been placed in suspense with a large majority of those individuals being placed in suspense for failure to provide citizenship documentation.

30.     Nearly all, if not all, of the individuals in suspense due to the failure to provide citizenship documentation are U.S. citizens duly qualified to register and cast votes in state and federal elections.

31.     The Plaintiffs, both U.S. citizens and Kansas residents, have had their right to vote infringed by the documentation requirement.

32.     The Defendant's citizenship requirement is overly broad and infringes the rights of U.S. citizens to vote in local, state and federal elections.

7

33.     This overly broad burden is not narrowly tailored to any compelling state interest which renders the law violative of the Fourteenth Amendment to the U.S. Constitution.

## COUNT II
### (Violation of NVRA 52 U.S.C.A. § 20507(a)(1))

34.     The Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs as if fully set forth herein.

35.     The NVRA requires that in "the administration of voter registration for elections for Federal office, each State shall (1) ensure that any eligible applicant is registered to vote in an election" where such registration is completed through a valid voter registration form pursuant to § § 20504 (simultaneous with motor vehicle application), 20505 (registration by mail), 20506 (by voter registration agency) or in any other case not later than the lesser of 30 days, or the period provided by State law, before the date of the election.  52 U.S.C.A. § 20507(a)(1).

36.     Each "State motor vehicle driver's license application (including any renewal application) submitted to the appropriate State motor vehicle authority under State law shall serve as an application for voter registration with respect to elections for Federal office unless the applicant fails to sign the voter registration application."  52 U.S.C.A. § 20504(a)(1).

37.     The Kansas Department of Revenue, Department of Motor Vehicles, in conjunction with the Kansas Secretary of State is in charge of implementing and ensuring compliance with 52 U.S.C.A. § 20504.

38.     Individuals applying for a new driver's license or renewing their driver's license are asked if they would like to register to vote or re-register if they have changed addresses.  If those individuals confirm that they do want to register or re-register, their information is transmitted electronically to the Secretary of State who then electronically transfers that information to the County Clerk or Elections Office.

39.     Plaintiff Cody Keener renewed his driver's license on or around December 2014 and elected to register to vote through the department of motor vehicles.  His information was transferred to the Secretary of State and then to the Douglas County Clerk's office.  Mr. Keener was then notified by the Douglas County Clerk's office that he was "in suspense" because he had not submitted the required documentation of U.S. citizenship.

40.     Mr. Keener has met the requirements of 52 U.S.C.A. § 20507(a)(1)(A) and is an eligible and qualified elector.  He is barred from voting in any local, state or federal elections by the Defendant and the Defendant's newly issued 90-day rule will unlawfully remove Mr. Keener from the statewide voter registration database the State is required to place him in as a valid voter registrant under 52 U.S.C.A. § 20504(a)(1).

41.     Plaintiff Alder Cromwell registered to vote through paper mail application as described in 52 U.S.C.A. § 20505 however, he is barred from voting in any local, state or federal election by the Defendant and the Defendant's newly issued 90-day rule will unlawfully remove Mr. Cromwell from the statewide voter registration database the State is required to place him in as a valid voter registrant under 52 U.S.C.A. § 20505.

42.      The 90 day rule issued by the Defendant requires all county elections officers to deem applications received from the department of motor vehicles "incomplete" if they do not include documentation of U.S. citizenship and cancel those applications after 90 days.  K.A.R. § 7-23-15.

43.     This is a violation of the NVRA as this is not a lawful reason to remove a voter from the statewide voter registration database.

## COUNT III
### (Violation of NVRA 52 U.S.C.A. § 20507(a)(3))

44.     The Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs as if fully set forth herein.

45.     The NVRA requires states shall "provide that the name of a registrant may not be removed from the official list of eligible voters except (A) at the request of the registrant; (B) as provided by State law, by reason of criminal conviction or mental incapacity; or as provided under paragraph (4). 52 U.S.C.A. § 20507(a)(3).

46.     Paragraph 4 provides that states may conduct a general program that makes reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of (A) death of the registrant; or (B) a change in the residence of the registrant, in accordance with subsections (b), (c) and (d).  52 U.S.C.A. § 20507(a)(4).

47.     The 90-day rule issued by the Defendant does not meet the requirements of the NVRA as it is not removing individuals ineligible to vote in federal elections due to death, felony conviction, mental incapacity or change of residency.

48.     The 90-day rule is removing eligible federal voters from the statewide voter registration database for failure to provide documentation of their U.S. citizenship.

49.     The NVRA preempts this requirement for federal voters and instead deems attestation under threat of perjury of U.S. citizenship is sufficient for federal voters in federal elections.

50.     The Defendant's removal of the plaintiffs for failure to provide citizenship documentation violates the holding in *Arizona v. Inter-Tribal Council of Arizona* and the NVRA.  133 S. Ct. at 2257.

## COUNT IV
### (Violation of NVRA 52 U.S.C.A. § 20507(c)(2)(A))

51.     The Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs as if fully set forth herein.

52.     The NVRA provides that a "State shall complete, not later than 90 days prior to the date of a primary or general election for Federal office, any program the purpose of which is to

systematically remove the names of ineligible voters from the official lists of eligible voters. 52 U.S.C.A. § 20507(c)(2)(A).

53.     The 90-day rule is a voter removal program as defined by the NVRA and therefore must cease operation no later than 90 days prior to the date of a primary or general election for Federal office.

54.     The 90-day rule is a continuous rule that does not provide for a cutoff date not later than 90 days prior to the date of a primary or general election for Federal office.

55.     The operation of the 90-day rule within 90 days of a primary or general election is a violation of NVRA 52 U.S.C.A. § 20507(c)(2)(A).

## ENTITLEMENT TO RELIEF

56.     By virtue of the violation of the Fourteenth Amendment to the U.S. Constitution and the NVRA described in the preceding paragraphs, Plaintiffs are entitled to sue the Defendant who committed these violations described therein and receive declaratory and injunctive relief pursuant to 52 U.S.C. § 20510 and to obtain other such equitable or remedial relief as the Court may deem appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant on each Count of the Complaint and the following relief:

1.     A declaration that K.S.A. § 25-2309(l) violates the Fourteenth Amendment of the U.S. Constitution.

2.     A declaration that K.A.R. § 7-23-15 violates 52 U.S.C.A. § 20507(a)(1), 20507(a)(3) and 20507(c)(2)(A) of the NVRA.

3.     A declaration that Defendant's inclusion of federal voters pursuant to 52 U.S.C.A. § 20504(a)(1) violates 52 U.S.C.A. § 20507(a)(1) of the NVRA.

4.      Permanent injunctive relief against the Defendant prohibiting the application and enforcement of K.S.A. § 25-2309(l) and K.A.R. § 7-23-15.

5.      Other such and further relief as the Court deems appropriate.

Dated: September 30, 2015

**FAGAN EMERT & DAVIS, L.L.C.**

/s/ William R. Lawrence IV
William R. Lawrence, IV          #26021
Paul T. Davis                    #18550
730 New Hampshire Street, Suite 210
Lawrence, KS 66044
(785) 331-0300 – Telephone
(785) 331-0303 – Facsimile
wlawrence@fed-firm.com

**Designation of Place of Trial**

Plaintiffs hereby designate Kansas City, Kansas as Place of Trial.

.