### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALDER CROMWELL, and </br> CODY KEENER, </br>    *Plaintiffs*, </br> </br> v. </br> </br> KRIS KOBACH, KANSAS </br> SECRETARY OF STATE </br>    *Defendant*. | ) </br> ) </br> ) </br> ) </br> )   Civil Action No. 2:15-cv-09300 </br> ) </br> ) </br> ) </br> ) </br> ) |

### *AMICUS CURIAE* BRIEF OF THE PUBLIC INTEREST LEGAL FOUNDATION IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

Kansas is addressing the problem of noncitizen voting that plagues the Federal Form nationwide. In this brief, *Amicus Curiae* Public Interest Legal Foundation provides compelling nationwide examples where the Federal Form has failed to prevent noncitizen registration. Kansas did not pass the challenged citizenship safeguards in a vacuum. Problems have plagued the use of the Federal Form since its inception. The minimal requirements of the Federal Form have failed to keep aliens off the voter rolls and out of the voting booth. Kansas is taking the lead nationwide to prevent this criminal activity by ensuring that only American citizens vote in Kansas elections.

In support of his Motion for Preliminary Injunction, Plaintiff Cody Keener argues that "[t]he [National Voter Registration Act, ("NVRA")] preempts [Kansas's proof of citizenship] requirement for federal voters and instead deems attestation under threat of perjury of U.S. citizenship is sufficient for federal voters in federal elections." Memorandum in Support of Plaintiff's Motion for Preliminary Injunction at 7 (Dkt. 5) (citing Plaintiffs' Complaint ¶ 49.) Yet despite this attestation, "Kansas has discovered numerous aliens who have successfully

registered to vote—and voted—in Kansas." Opposition to Plaintiff's Motion for Preliminary Injunction at 9 (Dkt. 20.) Secretary Kobach also provided this Court with concrete evidence of voter fraud in his state's elections. (*See* Dkt. 21-1 at ¶¶ 13-17; Dkt. 21-4 at ¶ 13; Dkt. 21-5.)

### I. The Federal Form Has Failed to Prevent Noncitizens from Registering to Vote and Casting Ballots.

The citizenship "safeguards" of the Federal registration form ("Federal Form") are nothing more than an honor system. They include a checkbox at the top of the form, the words "For U.S. Citizens" on the cover page, and an attestation of citizenship by the signature box. *See* National Mail Voter Registration Form – English, *available at* http://www.eac.gov/assets/1/Documents/Federal%20Voter%20Registration_6-25-14_ENG.pdf. Despite Plaintiffs' bald assertions, these measures have unequivocally failed to prevent noncitizens from registering to vote and from actually voting.

### A. The citizenship checkbox, even when checked "no," does not prevent noncitizen registration without additional citizenship verification.

One ominous demonstration of the ineffectiveness of the citizenship checkbox at the top of the Federal Form comes from a small sample of materials collected from Harris County, Texas through public information requests by a Houston-based voter's rights organization, True the Vote. (*See* Exhibit A – 13 Federal Forms from the Harris County Tax Assessor Collector.)[1] In this sample, four of the individuals actually checked "no" on the citizenship question,[2] six

---

[1] *Amicus* redacted all street addresses and birthdates on these faulty registration forms. The documents were included in the *amicus curiae* brief filed by *Amicus* on behalf of the American Civil Rights Union in support of Secretary Kobach's petition for a writ of certiorari in *Kobach v. Election Assistance Comm'n* in the U.S. Supreme Court (Case No. 14-1164). They are also available online at http://publicinterestlegal.org/files/Exhibit-A.pdf.

[2] Bayron Leo Castro (VUID #117187524), Giovanna Guzman (VUID #1171828471), Marta D. Morales (VUID #009429514), and Rodrigo Salazer (VUID #1171853313) all marked "NO" to the question, "Are you a United States Citizen?" Exhibit A at 1-4.

checked "no" and "yes,"[3] and the remaining three left the checkbox entirely blank. Yet *each person was registered to vote* by the local state government officials, as evidenced by the resulting voter registration numbers (VUID) listed on the defective forms.

In an unrelated matter, the former Voter Registrar for Harris County, Texas (the county in which Houston is situated) testified before the U.S. Committee on House Administration in 2006 and stated that while the extent of illegal voting by foreign citizens in the county was impossible to determine, "it has and will continue to occur." Noncitizen Voting and ID Requirements in U.S. Elections: Hearing Before the Committee on House Administration, 109th Cong. (2006) (statement of Paul Bettencourt, Harris County Tax Assessor-Collector and Voter Registrar), *see also* Testimony of Hans A. von Spakovsky, House of Representatives, Committee on Oversight and Government Reform, Subcommittee on National Security and the Subcommittee on Health Care, Benefits, and Administrative Rules at 8-9 (February 12, 2015), *available at* http://oversight.house.gov/wp-content/uploads/2015/02/Testimony-of-Hans-von-Spakovsky-2-12-15.pdf (hereinafter "Mr. von Spakovsky Testimony").[4]

### B. The citizenship affirmation does not prevent noncitizen registration and voting.

Nor does requiring individuals to attest to their citizenship under penalty of perjury prevent noncitizens from registering and voting. For example, a Bosnian citizen recently "readily admitted registering and voting," claiming that he did "not read the section of the voter

---

[3] Gregorio Matias (VUID #1171964586), Pedro Morin (VUID #1171874884), Chong Wang (VUID #1171938695), Sanchez R. Sanrbez (VUID # 1172025775), Suadoca Eliser (VUID #1171743204), and Oswald Hernandez (VUID #1171961390) marked "NO" (as well as "Yes") to the question, "Are you a United States Citizen?" Exhibit A at 5-10.

[4] Mr. von Spakovsky, a member of *Amicus*'s Board of Directors, is also a former member of the Federal Election Commission. Prior to that, he served as Counsel to the Assistant Attorney General for Civil Rights at the Justice Department, where he helped oversee the Voting Section.

registration form that includes the affirmations of citizenship." *Guilty Pleas Resolve All Five Voter Fraud Convictions in Iowa*, DES MOINES REGISTER.COM (Dec. 15, 2013).

In another example, just last week, Idalia Lechuga-Tena was appointed to the New Mexico state legislature after *admitting* to voting prior to becoming a U.S. citizen. *See* "*DA Reviews Newly Minted Legislator's Admission of Voter Fraud*," Santa Fe New Mexican (Nov. 12, 2015), *available at* http://www.santafenewmexican.com/news/local_news/da-reviews-newly-minted-legislator-s-admission-of-voter-fraud/article_220d67ab-60c9-5fb7-b14c-54c598ee0900.html. According to the report, Rep. Lechuga-Tena claimed that "she did not understand that she had to be a citizen to vote." *Id*.

### C. Further examples of noncitizen registration.

And those are not isolated incidents. Again, just last week, Rosa Maria Ortega, a noncitizen in Tarrant County, Texas, was indicted for repeatedly voting illegally. *See* "*Non-U.S. Citizen Indicted For Voter Fraud In North Texas*," CBSDFW.com (Nov. 9, 2015), *available at* http://dfw.cbslocal.com/2015/11/09/voter-fraud-alleged-in-dallas-tarrant-counties/. According to reports, Ms. Ortega "fraudulently registered to vote in Dallas County by claiming to be a U.S. citizen." *Id*. It was that easy. The so-called citizenship "safeguards" of the Federal Form did nothing to deter Ms. Ortega from registering and voting.

Other states are starting to take notice of the national problem of noncitizen voting. Michigan Secretary of State Ruth Johnson recently asked her attorney general to investigate "10 people who aren't U.S. citizens but have voted in past Michigan elections." *Michigan Investigation Sought of Non-Citizen Voting,* ASSOCIATED PRESS (Dec. 6, 2013). And Ohio Secretary of State Jon Husted announced that he had found that 17 noncitizens "illegally cast ballots in the 2012 presidential election." *See* Eric Shawn, "*Non-citizens Caught Voting in 2012*

4

*Presidential Election in Key Swing State*," FOX NEWS (Dec. 18, 2013). There is evidence in big and small elections, from admitted noncitizen voting in the Compton, California mayoral race, *see* Daren Briscoe, *Noncitizens Testify They Voted in Compton Elections*, L.A. Times (Jan. 23, 2002), at B5, to hundreds of votes by noncitizens in the 1996 congressional contest between Republican incumbent Bob Doman and Democratic challenger Loretta Sanchez. *See* Mr. von Spakovsky Testimony at 5.

More broadly, a 2005 Report from the Government Accountability Office found that up to three percent of the 30,000 individuals chosen for jury duty from voter registration rolls in just one U.S. district court over a two-year period were not U.S. citizens. Government Accountability Office, *Elections: Additional Data Could Help State and Local Election Officials Maintain Accurate Voter Registration Lists* 42 (2005), *available at* www.gao.gov/assets/250/246628.pdf. According to a study released in 2014 by several professors at Old Dominion University and George Mason University, approximately 6.4% of noncitizens voted in 2008 and 2.2% of noncitizens voted in 2010. Jesse T. Richman, Gulshan A. Chattha, and David C. Earnest, *Do noncitizens vote in U.S. elections?* 36 Electoral Studies 149-57 (2014). Mr. von Spakovsky outlines more examples in Chapter Five of his book *Who's Counting? How Fraudsters and Bureaucrats Put Your Vote at Risk* (Encounter Books 2012).

Disturbingly, the extent of noncitizen registration and voting is not easily quantified. According to Mr. von Spakovsky,

> Obtaining an accurate assessment of the size of this problem is difficult. There is no systematic review of voter registration rolls by most states to find noncitizens, and the relevant federal agencies—in direct violation of federal law—have either refused to cooperate with those few state election officials who seek to verify the citizenship status of registered voters or put up burdensome red tape to make such verification difficult.

Mr. von Spakovsky Testimony at 6.[5] While how many noncitizens are registering and voting may not be readily ascertainable, one thing is sure—it is happening. And it is happening despite the Federal Form's "safeguards." Thus, contrary to the Plaintiffs' assertion, there is a clear need for Kansas's proof of citizenship requirement.

### II. The United States Justice Department has failed to enforce noncitizen voting prohibitions.

Compounding the problem of noncitizen registration—and the need for the measures taken by Kansas—is the current Justice Department's refusal to prosecute noncitizens caught participating in American elections. The Department of Justice has shown itself to be impotent in enforcing federal laws that criminalize noncitizen registration and voting, despite its duty and authority to do so. *See* 52 U.S.C. § 20511(2) (fraudulent registration and voting under the NVRA); 18 U.S.C. § 1015(f) (false claims to register or vote); 18 U.S.C. § 911 (false claim of citizenship); and 18 U.S.C. § 611 (voting by aliens). For example, True the Vote alerted the Justice Department to the thirteen Federal Forms from Harris County, Texas discussed above but no known action has been taken. *See*, *e.g.*, Kerry Picket, *Former DOJ Official: Non-Citizens Registered to Vote through Motor Voter Registration Forms* (April 8, 2015), *available at* http://dailycaller.com/2015/04/08/former-doj-official-non-citizens-registered-to-vote-through-motor-voter-registration-forms/ and Hans A. von Spakovsky, *Election Fraud Uncovered by Patriotic Citizens...Who Promptly Get Sued* (October 23, 2010), *available at* http://pjmedia.com/blog/election-fraud-uncovered-by-patriotic-citizens-who-promptly-get-sued/.

---

[5] Defendant Kris W. Kobach testified before the same committee as Mr. von Spakovsky on the problem and reality of noncitizen registration and voting. *See* Testimony of Kris W. Kobach, House of Representatives, Comm. on Oversight and Government Reform, Subcomm. on National Security and the Subcomm. on Health Care, Benefits, and Administrative Rules at 1-3 (February 12, 2015), *available at* http://oversight.house.gov/wp-content/uploads/2015/02/Kobach-Testimony-House-OGR-21215.pdf.

Unfortunately, that inaction is not an isolated occurrence. According to Mr. von Spakovsky:

> In 2011, when I was still on the Fairfax County Electoral Board in Virginia, we discovered 278 individuals who had registered to vote despite telling the Virginia Department of Motor Vehicles that they were not U.S. citizens. 117 of those noncitizens had "a history of voting in Virginia."[] We provided that information to both the U.S. Attorney for the Eastern District of Virginia and the Public Integrity Section of the Justice Department. No action was taken to either investigate or prosecute these cases.

Mr. von Spakovsky Testimony at 4.

The Justice Department did not always largely ignore alien voting in American elections. In previous decades, the Justice Department prosecuted noncitizens for registering and voting in Alaska, Colorado, Florida, and North Carolina. Criminal Division, Public Integrity Section, U.S. Department of Justice, Election Fraud Prosecutions & Convictions: October 2002-September 2005 (2006). The current Justice Department's apparent non-enforcement policy, and complete lack of action on noncitizen voting, though, bolsters not only the reasonableness of, but the *need* for Kansas's proof of citizenship verification.

## Conclusion

Kansas's proof of citizenship verification is a commonsense answer to the problem of noncitizen registration. It will strengthen election integrity and instill voter confidence. Plaintiff Keener has not shown that he is likely to succeed on his request for relief or that he will suffer irreparable harm absent an injunction. For those reasons and the ones highlighted in Defendant's Opposition, Plaintiff's motion for preliminary injunction should be denied.

Dated:  November 23, 2015

                                                 Respectfully submitted,

                                                     /s/ Bradley Schlozman
                                                 Bradley J. Schlozman (KS Bar #17621)
Hinkle Law Firm LLC
301 North Main Street, Suite 2000
Wichita, KS 67202-4820
Tel: 316-660-6296
Fax: 316-660-6596
bschlozman@hinklaw.com

J. Christian Adams (VA Bar #42543)
PUBLIC INTEREST LEGAL FOUNDATION
300 N. Washington St., Suite 405
Alexandria, VA 22314
Tel: 703-963-8611
Fax: 703-740-1773
Email: adams@publicinterestlegal.org
*Pro Hac Vice application pending*

Kaylan Phillips (IN Bar #30405-84)
PUBLIC INTEREST LEGAL FOUNDATION
209 W. Main Street
Plainfield, IN 46168
Tel: 317-203-5599
Fax: 888-815-5641
Email: kphillips@PublicInterestLegal.org
*Pro Hac Vice application pending*

*Attorneys for Amicus Curiae Public Interest
    Legal Foundation*

8

## **CERTIFICATE OF SERVICE**

       I hereby certify that on November 23, 2015, I electronically filed the foregoing Amicus Curiae Brief of the Public Interest Legal Foundation in Opposition to Motion for Preliminary Injunction with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel who have entered an appearance in the case.

                                                     /s/ Bradley J. Schlozman