IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN WAYNE FISH, et al., on behalf of themselves and all other similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>KRIS KOBACH, in his official capacity as Secretary of State for the State of Kansas, et al.,<br><br>    Defendants. | Case No. 16-2105-JAR-JPO |
| CODY KEENER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KRIS KOBACH, in his official capacity as Secretary of State for the State of Kansas, et al.,<br><br>    Defendants. | Case No. 15-9300-JAR-JPO<br><br><br>CASES CONSOLIDATED FOR DISCOVERY |

**MEMORANDUM AND ORDER**

      This matter came before the Court for hearing on March 7, 2016, to address Secretary of State Kris Kobach's Motion for Extension of Time to respond to the class certification motion (Doc. 23). Plaintiffs' response to that motion sought a telephonic conference with the Court to address other deadlines set in this case. After hearing from the parties, the Court granted the motion for extension of time, and extended other deadlines in this matter as set forth below. In addition, the Court orally granted in part Secretary Kobach's Motion to Consolidate Cases (Doc.

14), as that motion is unopposed insofar as it seeks to consolidate this matter with *Keener v. Kobach*, Case No. 15-9300-JAR-GLR for discovery purposes only. For the reasons stated on the record at the March 7 hearing and supplemented by this Order, the Court rules as set forth below.

## I.     Consolidation

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

The decision whether to consolidate is left to the sound discretion of the trial court.[1] "In exercising its discretion, the court should consider whether judicial efficiency is best served by consolidation."[2] "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."[3] Courts also consider (1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate.[4] The party requesting consolidation bears the burden of showing that the balance weighs in favor of consolidation.[5]

The Court finds that consolidation is appropriate for discovery purposes only in this matter. Plaintiffs concede that the cases should be consolidated for purposes of discovery and

---

[1] *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

[2] *McCoy v. Whirlpool Corp.*, No. 02-2064-KHV, 2003 WL 124531, at *2 (D. Kan. Jan. 12, 2003).

[3] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008) (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2383, at 35–36 (3d ed. 2008)).

[4] *Shump*, 574 F.2d at 1344; *Lane v. United States*, Nos. 90-4228-S, 90-4229-S, 1991 WL 105204, at *1 (D. Kan. May 28, 1991).

[5] *Sprint Commc'ns, LP v. Cox Commc'ns, Inc.*, No. 11-2683-JAR-KMH, 2012 WL 1825222, at *1 (D. Kan. May 18, 2012) (citation omitted).

other pretrial proceedings.[6] Although there may be some common questions of law and fact in this matter, and although Secretary Kobach is a common party to both cases, they otherwise involve different parties, and the plaintiffs in each case seek class certification of different classes of putative plaintiffs. However, it appears that the discovery will overlap and the Court finds it to be in the interest of judicial efficiency and consistency in discovery and the orderly processing of pretrial proceedings to consolidate these actions for purposes of discovery only. *Keener v. Kobach*, Case No. 15-9300 shall be reassigned to Magistrate Judge James P. O'Hara for all further pretrial management.

## II.      Deadlines

The response deadline to the motion for class certification in the *Fish* matter (Doc. 3) is extended to **April 21, 2016**. The Court will be in contact with the parties from both cases by e-mail to set a date for a class certification hearing sometime in June; the parties and the Court agreed that it would be most efficient to set both class certification hearings on the same date. The Court also grants the parties' request to extend the briefing deadlines for the preliminary injunction motion in the *Fish* matter. The response is due on **March 25**, and the reply is due on **April 8**. The hearing date on **April 14** remains set, and the Court explained that this is a firm date given its trial schedule.

The Court grants Plaintiffs' request for expedited discovery. By Wednesday, **March 9, 2016**, Plaintiffs shall serve their discovery requests and the parties shall thereafter confer. By **March 16**, Secretary Kobach is to notify Plaintiffs whether he objects to their discovery requests, and the grounds for any such objections. By **March 22, 2016**, at noon, the parties shall file a joint motion for the court to resolve any outstanding issues related to this expedited

---

[6]The motion to consolidate was filed in this action only. Nonetheless, the Court has reviewed Defendant Jamie Shew's response to the motion filed in the *Keener* matter, opposing consolidation other than for discovery. Case No. 15-9300, Doc. 79.

discovery. The joint motion should set forth each sides' position and be limited to six (6) double-spaced pages. Judge O'Hara will conduct a telephone hearing on the motion on **March 23, 2016, at 2:00 p.m.** All counsel who wish to participate in this telephone conference are instructed to dial into the conference line. **The CONFERENCE LINE is 1-888-363-4749 and the ACCESS CODE is 8914911#**.

Plaintiffs request an extension of the March 15, 2016 deadline for motions to amend in the *Keener* case by at least one day. To the extent this deadline applies to the *Fish* parties, the Court grants an extension to **March 17, 2016**.

The remaining requested extensions of time raised by the parties at the March 7 hearing may be presented to Magistrate Judge O'Hara at the March 23, 2016 hearing.

**IT IS THEREFORE ORDERED BY THE COURT** that Secretary of State Kris Kobach's Motion for Extension of Time to respond to the class certification motion (Doc. 23) is **granted**.

**IT IS FURTHER ORDERED BY THE COURT** that Secretary Kobach's Motion to Consolidate Cases (Doc. 14) is **granted in part and denied in part**. Case No. 15-9300 shall be consolidated for pretrial management and discovery with Case No. 16-2105. Case No. 16-2105 is designated as the lead case. All future discovery-related filings shall bear the consolidated caption on this Order and shall be filed in only the lead case. Class certification pleadings, dispositive motions, and other filings related to same shall be filed in the specific case without a consolidated caption. Case No. 15-9300 shall be reassigned to Magistrate Judge James P. O'Hara for all further pretrial proceedings. **IT IS SO ORDERED.**

Dated: <u>March 8, 2016</u>

                                        S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE