## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALDER CROMWELL,<br>CODY KEENER, and<br>PARKER BEDNASEK,<br><br>                  Plaintiffs,<br><br>v.<br><br>KRIS KOBACH, KANSAS SECRETARY<br>OF STATE, and<br><br>JAMIE SHEW, DOUGLAS COUNTY<br>CLERK,<br><br>                  Defendants. | Case No. 2: 15-CV-9300<br>Complaint – Class Action |

### THIRD AMENDED CLASS ACTION COMPLAINT
(Filed pursuant to Fed. R. Civ. P. 3 and 15(a)(2) and Local Rule 15.1)

Plaintiffs, Alder Cromwell, Cody Keener and Parker Bednasek, individually and on behalf of similarly situated persons, for their Complaint against Kansas Secretary of State Kris W. Kobach and Douglas County Clerk Jamie Shew, state as follows:

### Nature of the Action

1.      This action arises under the Fourteenth Amendment to the U.S. Constitution and the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C.A. 20501, *et seq.* and is brought on behalf of Plaintiffs and as a Class Action on behalf of a class consisting of Plaintiffs and all other Kansas residents who are duly qualified electors for local, state, and federal elections in Kansas and since January 1, 2013 have been placed "in suspense" for failure to submit proof of citizenship under K.S.A. § 25-2309(l), and are subject to removal, or have been removed, from the Kansas statewide voter registration database pursuant to K.A.R. § 7-23-15.

2.      Plaintiffs and members of the class are U.S. citizens and residents of the State of Kansas who registered to vote by paper or electronic application and through the department of

motor vehicles.  The State of Kansas requires individuals registering to vote in federal and state elections to provide documentation demonstrating their U.S. citizenship.  K.S.A. § 25-2309(l).  Secretary of State Kris W. Kobach has promulgated and issued a rule implementing a voter removal program which requires voter registration applicants to provide proof of citizenship within 90 days of submitting their application or their application will be deleted.  K.A.R. § 7-23-15.  There are currently more than 36,000 eligible voters who are subject to removal, or have been removed from the voter registration rolls in Kansas pursuant to this promulgated rule which took effect on October 2, 2015.

3.      On January 1, 2013, the provision of the "Secure and Fair Elections Act" ("SAFE"), 2011 HB 2067, Ch. 56, § 8, Kansas Session Laws, a law requiring proof of citizenship for voter registrants became effective in Kansas, resulting in eligible voters who submit applications without the required documentation being marked as "in suspense" in the voter registration database.  Plaintiffs and members of the class have both registered to vote and been marked "in suspense" in the statewide voter registration database for failure to provide documentation of their U.S. citizenship, as required by K.S.A. § 25-2309(l).

4.      By being placed "in suspense" and having their registration application subsequently "canceled" after 90-days, Plaintiffs have been, and will continue to be, harmed by not being allowed to vote in local, state, or federal elections, by not being allowed to sign petitions for candidates or issues to be placed on the upcoming primary or general election ballot, and not being allowed to serve in the potential federal jury pool which is selected through the voter registration list.5.  This action is to obtain declaratory and injunctive relief against the Defendants enjoining the state's requirement of proof of citizenship and the rule promulgated and issued by the Secretary of State from being applied and enforced.  The rule was issued on September 17, 2015, and will begin to be applied on October 2, 2015.  Unless enjoined by this Court, Defendant Kobach will direct the

purging of more than 36,000 eligible voters from the Kansas voter registration rolls, including the Plaintiffs in this case.  Plaintiffs have no plain, speedy or adequate remedy at law other than the relief requested in this Complaint.

5.      In addition to purging registrants who are in suspense for longer than 90 days without providing proof of citizenship documentation, Defendant Kobach has taken it upon himself to independently verify proof of citizenship documentation only for individuals born in Kansas, not those born outside of the state who move here and attempt to register.

6.      Defendant Kobach coordinates with the Kansas Department of Health and Environment ("KDHE") and the Kansas Department of Revenue ("KDOR") to check birth certificates on file with the agencies and register suspended voters who were born in Kansas. Defendant Kobach does not verify vital records on file with agencies outside of Kansas and thus do not treat Kansas voters born outside the State as he does for those born within the State.  This selective conduct is unlawfully discriminatory and infringe upon the right to travel protected by the Fourteenth Amendment of the United States Constitution.

7.      The Plaintiffs in this case have been subjected to this exact discriminatory practice as both Plaintiff Keener and Plaintiff Cromwell have had their citizenship verified by Defendant Kobach while Plaintiff Bednasek has been required to remain on the suspense list until he provides proof of citizenship to the Defendants.

8.      Defendant Kobach maintains  his office at 120 SW 10th Avenue, Topeka, KS 66612 and may be served with process through the Kansas Attorney General pursuant to K.S.A. § 60-304(d)(5).  Defendant Jamie Shew, the County Clerk for Douglas County, Kansas, maintains his office at 1100 Massachusetts Street, Lawrence, KS 66044 and may be served with process at that location.

## Jurisdiction and Venue

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C.A. § 1331 because this is a civil action arising under the laws of the United States and pursuant to 52 U.S.C.A. § 20510, which provides for jurisdiction of actions brought under the NVRA.

10.      This Court has personal jurisdiction over the Defendants because they do business in and are elected officials of and in the State of Kansas.

11.      Venue is proper in this district pursuant to 29 U.S.C.A. § 20510 because the violations took place in this district and the Defendants reside in this district.

## Parties

12.      Plaintiff Alder Cromwell is a U.S. citizen, a Kansas resident, and a duly qualified elector for local, state and federal elections in Kansas.  On or about March 27, 2015, Mr. Cromwell applied to register to vote in Kansas by filling out the Kansas Voter Registration Form and attesting under penalty of perjury to his U.S. Citizenship and eligibility to vote.  On or around April 17, 2015 his application was received by the Douglas County Clerk's office.  Mr. Cromwell did not submit the requested documentation proving citizenship and received notification on or about April 27, 2015, that his application was therefore added to the statewide voter roll with a designation of "in suspense."

13.      Plaintiff Cody Keener is a U.S. citizen, a Kansas resident, and a duly qualified elector for local, state and federal elections in Kansas.  On or about December 22, 2014, Mr. Keener went to the department of motor vehicles to renew his driver's license.  While he was there he was asked and elected to register to vote through the department of motor vehicles[1].  His information was transmitted electronically to the Secretary of State's office who then transmitted it to the Douglas County Clerk's office.  On or about December 29, 2014, Mr. Keener was notified by the Douglas

---

[1] Department of Motor Vehicles is also referred to as Driver's License Bureau as it relates to licensure of Kansas drivers.

County Clerk's office that he had been placed in the statewide voter registration database and marked as "in suspense" because he had not submitted documentation of his U.S. citizenship.

14.     Plaintiff Parker Blake Bednasek is a U.S. Citizen, a Kansas resident, and a duly qualified elector for local, state and federal elections in Kansas.  Prior to moving to Kansas, Mr. Bednasek was a resident and a registered voter in Tarrant County, Texas.  On or about December 3, 2015, Mr. Bednasek sent a letter to the Tarrant County Elections Office canceling his voter registration and then completed the Kansas Voter Registration Form.  On or about December 4, 2015, Mr. Bednasek delivered in person his completed form in which he swore and affirmed he is a U.S. Citizen and a Kansas resident.  He was informed that he was being placed on the "suspense list" for not providing proof-of-citizenship and had 90 days to submit such documentation or his application would be canceled.

15.     Defendant Kobach is the Chief Election Officer for the State of Kansas charged with overseeing the Kansas electoral system and complying with and enforcing the NVRA with his office located at 120 SW 10th Avenue, Topeka, KS 66612.

16.     Defendant Shew is the County Clerk for Douglas County, Kansas charged with overseeing the election process for Douglas County, including the process of registering individuals to vote and complying with and enforcing the NVRA with his office located at 1100 Massachusetts Street, Lawrence, KS 66044.

**Class Action Allegations**

17.     Plaintiffs bring this action as a Class Action under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of a class consisting of Plaintiffs and all other Kansas residents who are duly qualified electors for local, state and federal elections in Kansas and have been placed "in suspense" for failure to submit proof of citizenship under K.S.A. § 25-2309(l) since January 1, 2013, and are subject to removal, or have been removed, from the Kansas statewide voter

registration database pursuant to K.A.R. § 7-23-15.  Excluded from the Class are the Defendants herein, all county election officials in the State of Kansas, all employees of the Defendants and the legal representatives, heirs, successors or assigns of any such excluded person.

18.    The class is so numerous that joinder of all members is impracticable.  Since taking effect on January 1, 2013, K.S.A. § 25-2309(l) has resulted in over 36,000 individuals being marked as "in suspense" in the Kansas Voter Registration Database.  The proposed class includes all of these individuals who are currently "in suspense" and those who have been removed, or are subject to removal, since K.A.R. § 7-23-15 took effect on October 2, 2015.

19.    Plaintiff's claims are typical of the claims of the other members of the Class, as Plaintiffs and all other members were injured in the same way – by being denied the right to vote in federal elections in violation of the NVRA and local, state and federal elections due to the unconstitutional burden imposed on the Plaintiffs and members of the proposed class through application of K.S.A. § 25-2309(l).

20.    Plaintiffs will fairly and adequately represent the interests of the Class and have retained counsel competent and experienced in Class Action litigation.

21.    Plaintiffs have no interests that are contrary to or in conflict with those of the Class.

22.    A Class Action is superior to other available methods for the fair and efficient adjudication of this controversy.  The expense and burden of individual litigation make it virtually impossible for the Class members individually to seek redress for the unlawful conduct alleged and risks inconsistent or varying judgments.  Additionally, prosecuting separate actions by individual class members would create a risk of: (a) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants; or (b) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would

substantially impair or impede their ability to protect their interests.  Additionally, by denying the

right to vote to eligible Kansas motor-voter registrants who submitted a valid and complete voter

registration form under Section 5 of the NVRA, due to purported failure to comply with the proof-

of-citizenship requirement under Kan. Stat. Ann. § 25-2309(l), Defendants have acted or refused to

act on grounds that apply generally to the class.  By failing to coordinate with out-of-state agencies

to verify citizenship documents for suspended registrants born outside of Kansas, Defendants have

further acted or refused to act on grounds that apply generally to the class.

23.     Plaintiffs know of no difficulty that will be encountered in the management of this

litigation that would preclude its maintenance as a Class Action.

24.     Common questions of law and fact exist as to all members of the Class and

predominate over any questions affecting solely individual members of the Class.  Among the

questions of law and fact common to the Class are the following:

a.     Whether requiring each class member to provide proof of U.S. citizenship as

required by K.S.A. § 25-2309(l) violates the Fourteenth Amendment of the United States

Constitution by placing an unconstitutional burden on each class member's right to vote by not

being narrowly tailored to any compelling state interest;

b.     Whether removing, or subjecting to removal, class members marked as "in

suspense" from the statewide voter registration database after 90 days for failure to provide proof of

citizenship documentation violates the NVRA;

c.     Whether the state of Kansas is pre-empted from requiring members of the

class who registered to vote simultaneously with their application for a driver's license under the

NVRA to provide proof of citizenship documentation to vote in federal elections;

d.     Whether the operation of K.A.R. § 7-23-15 within 90 days of a primary or

general election violates the NVRA, or is preempted by the NVRA; and

e.   Whether injunctive relief is appropriate for the class.

f.   Whether Defendant Kobach's selective conduct of verifying proof of citizenship documentation on file with Kansas agencies for only individuals born in Kansas unlawfully discriminates against Kansas residents who were born outside of the State.

25.   Defendants have placed class members "in suspense" for not submitting proof of citizenship precluding such class members from being able to vote, validly sign petitions, serve as precinct committeemen and committeewomen and be included in the federal potential jury pool. This action subjects class members to removal from the statewide voter registration database and will continue to do so each day that K.A.R. § 7-23-15 is in effect making final injunctive and declaratory relief against K.S.A. § 25-2309(l) and K.A.R. § 7-23-15 appropriate respecting the class as a whole.

## Factual Allegations

26.   On May 20, 1993, the U.S. Congress passed the NVRA, which requires that states adopt procedures to allow eligible persons to register to vote: (1) by applications made simultaneously with a driver's license application or renewal; (2) by mail using mail-in forms developed by the Election Assistance Commission; and (3) by application at state offices that provide public assistance.  *See* 42 U.S.C.A. §§ 1973gg-gg-10.  The NVRA became effective on January 1, 1995.

27.   Congress enacted the NVRA on the findings that the right of citizens of the United States to vote is a fundamental right, it is the duty of the Federal, State and local governments to promote the exercise of that right; and discriminatory and unfair registration laws and procedures can have a direct and damaging effect on voter participation in elections for Federal office and disproportionately harm voter participation by various groups, including racial minorities.  52 U.S.C.A. § 20501(a).

28.     The purposes of the NVRA are to establish procedures that will increase the number of eligible citizens who register to vote, protect the integrity of the electoral process and ensure that accurate and current voter registration rolls are maintained.  52 U.S.C.A. § 20501(b).

29.     Soon thereafter, the Kansas Legislature enacted legislation to implement NVRA mandates, including authorization of the secretary of state, as the chief state election official, to promulgate related rules and regulations.  K.S.A. § 25-2355 ("The secretary of state may adopt rules and regulations to comply with the national voter registration act."); *see* 1996 Kan. Sess. Laws Ch. 187 (H.B. 2079).

30.     Under the 1996 Kansas state statutes which implemented the NVRA voter registration mandates, "[t]he secretary of state is hereby authorized to adopt such rules and regulations in the manner prescribed by law as may be necessary for the administration of the provisions of this section."  K.S.A. § 25-2352(g); 1996 Kan. Sess. Laws Ch. 187 (H.B. 2079), § 14. At the time, the Filing Act defined "rule and "regulation" as "a standard, statement of policy or general order, including amendments or revocations thereof, of general application and having the effect of law, issued or adopted by a state agency to implement or interpret legislation enforced or administered by such state agency or to govern the organization of procedure of such state agency." 1996 Kan. Sess. Laws Ch. 43 (H.B. 2643), § 4' *see* K.S.A. § 77-415(c)(4).

31.     The Secretary of State promulgated rules and regulations authorized by the amended 1996 elections law, including Kansas Administrative Regulations (K.A.R.) § 7-37-1 (implementing voter registration procedures for driver's license applications and renewals), K.A.R. § 7-38-1 (implementing voter list maintenance procedures), and K.A.R. § 7-23-2 (regulating registration records).

32.     On March 29, 2011, the Kansas State Legislature passed omnibus elections reform bill H.B. 2067, the SAFE Act.  On April 18, 2011, the Kansas Governor signed the SAFE Act into law.

33.     SAFE requires county elections officers or the Secretary of State's office to accept any completed application for registration, but specifies that "an applicant shall not be registered until the applicant has provided satisfactory evidence of United States citizenship."  K.S.A. § 25-2309(l).  The documentation of citizenship requirement is satisfied by presenting one of thirteen documents listed in the statute.  *Id.*

34.     On January 1, 2013, the documentary evidence of citizenship portion of K.S.A. § 25-2309 became effective, requiring new registrants to provide documentary proof of U.S. citizenship before they would be registered to vote.  The implementing regulations also became effective, requiring that "[i]f any applicant to whom this subsection applies fails to submit satisfactory evidence of United States citizenship in accordance with this subsection and the applicant casts a provisional ballot, the ballot shall not be counted."  K.A.R. § 7-23-14(b)(3).

35.     Soon thereafter, Defendant created a procedure by which voter registration applicants who did not submit proof of U.S. citizenship documents with their registration application were entered into the statewide voter registration database flagged as in "suspense" and thus prohibited from voting in local, state and federal elections unless or until they provided documentation of citizenship.  There are currently more than 36,000 voters "in suspense" and unable to vote in such elections.

36.     On June 25, 2015, Secretary of State Kris Kobach proposed a new administrative rule which requires voter registration applicants in the statewide voter registration database who have not submitted their documentation of U.S. citizenship to do so within 90 days or their

registration will be removed from the statewide voter registration database. K.A.R. § 7-23-15. This date also constituted the beginning of the 60-day public comment period.[2]

37.     A public hearing was conducted on September 2, 2015 and the permanent administrative regulation was published in the Kansas Register on September 17, 2015 to be effective October 2, 2015. Vol. 34, No. 38, pg. 1033. Defendant Kobach did not attend the public hearing, and no responses to public comments have been posted to the knowledge of the Plaintiffs at the time of filing this Complaint.

38.     On June 17, 2013, the U.S. Supreme Court ruled in *Arizona v. Inter-Tribal Council of Arizona* that states may not impose a documentary proof of citizenship requirement with respect to individuals seeking to register to vote using the "Federal Form," a simple, uniform one-page voter registration application prescribed by the NVRA. 133 S. Ct. 2247, 2257 (2013).

39.     As required by the NVRA, the citizenship status of voter registration applicants who register using the Federal Form is verified by requiring that applicants attest to their U.S. citizenship under penalty of perjury. *See* 42 U.S.C.A. § 1973gg-7(b)(2). That system was upheld by the Supreme Court in *Inter-Tribal Council* as sufficient for voter registration applicants for federal elections.

40.     The U.S. Supreme Court in *Inter-Tribal Council* held that the NVRA requires states to register all Federal Form applicants who are eligible to vote and comply with the Form's requirements and that the statute "preludes [a state] from requiring a Federal Form applicant to submit information beyond that required by the form itself." 133 S. Ct. at 2260; 42 U.S.C.A. § 1973gg-4(a)(1). Thus, any "state-imposed requirement of evidence of citizenship beyond the attestation is inconsistent with the NVRA . . ." and is preempted by it. 133 S. Ct. at 2257 (citation omitted) (internal quotation marks omitted).

---

[2] http://www.kssos.org/pubs/KAR/2015/7-23-14_proposed_reg.pdf (retrieved 9/29/15).

## COUNT I
## (Violation of U.S. Const. Amend. XIV § 1)

41.     The Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs as if fully set forth herein.

42.     The Fourteenth Amendment to the United States Constitution prohibits states from depriving any person of "life, liberty, or property, without due process of law."  U.S.C.A. Const. Amend. XIV § 1.

43.     Where state laws burden fundamental constitutional rights such as the right to vote, states must demonstrate a compelling state interest that is narrowly tailored for that law to be upheld.

44.     Since the SAFE Act's requirement of documentation proving U.S. citizenship has taken effect, more than 36,000 Kansans have been placed "in suspense" with a large majority of those individuals being placed "in suspense" for failure to provide citizenship documentation.

45.     Nearly all, if not all, of the individuals in suspense due to the failure to provide citizenship documentation are U.S. citizens duly qualified to register and vote in state and federal elections.

46.     The Plaintiffs, both U.S. citizens and Kansas residents, have had their right to vote infringed by the documentation requirement.

47.     Defendant Kobach's citizenship requirement is overly broad and infringes the rights of U.S. citizens to vote in local, state and federal elections, as well as the right to sign petitions for candidates or issues to be placed on ballots for upcoming elections and be included in the potential federal jury pool

48.     Defendant Shew has likewise infringed on the rights of the Plaintiffs to vote in local, state and federal elections, sign petitions for candidates or issues to be placed on ballots for

upcoming elections and be included in the potential federal jury pool by enforcing K.S.A. § 25-2309(l) and will do so by enforcing K.A.R. § 7-23-15.

49.    This overly broad burden is not narrowly tailored to any compelling state interest which renders the law violative of the Fourteenth Amendment to the U.S. Constitution.

**COUNT II**
**(Violation of NVRA 52 U.S.C.A. § 20507(a)(1))**

50.    The Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs as if fully set forth herein.

51.    The NVRA requires that in "the administration of voter registration for elections for Federal office, each State shall (1) ensure that any eligible applicant is registered to vote in an election" where such registration is completed through a valid voter registration form pursuant to § § 20504 (simultaneous with motor vehicle application), 20505 (registration by mail), 20506 (by voter registration agency) or in any other case not later than the lesser of 30 days, or the period provided by State law, before the date of the election.  52 U.S.C.A. § 20507(a)(1).

52.    Each "State motor vehicle driver's license application (including any renewal application) submitted to the appropriate State motor vehicle authority under State law shall serve as an application for voter registration with respect to elections for Federal office unless the applicant fails to sign the voter registration application."  52 U.S.C.A. § 20504(a)(1).

53.    The Kansas Department of Revenue, Department of Motor Vehicles, in conjunction with the Kansas Secretary of State, is in charge of implementing and ensuring compliance with 52 U.S.C.A. § 20504.

54.    Individuals applying for a new driver's license or renewing their driver's license are asked if they would like to register to vote or re-register if they have changed addresses.  If those individuals confirm that they do want to register or re-register, their information is transmitted

electronically to the Secretary of State who then electronically transfers that information to the County Clerk or Elections Office.

55.     Plaintiff Cody Keener renewed his driver's license on or around December 2014 and elected to register to vote through the Department of Motor Vehicles.  His information was transferred to the Secretary of State and then to the Douglas County Clerk's office.  Mr. Keener was then notified by the Douglas County Clerk's office that he was "in suspense" because he had not submitted the required documentation of U.S. citizenship.

56.     Mr. Keener has met the requirements of 52 U.S.C.A. § 20507(a)(1)(A) and is an eligible and qualified elector.  He is barred from voting in any local, state or federal elections because he failed to provide proof of citizenship and Defendant Kobach's newly issued 90-day rule will unlawfully remove Mr. Keener, or subject him to removal, from the statewide voter registration database.  The State is required to designate him a valid voter registrant under 52 U.S.C.A. § 20504(a)(1).

57.     Plaintiff Alder Cromwell registered to vote through paper mail application as described in 52 U.S.C.A. § 20505, however he is barred from voting in any local, state or federal because he failed to provide proof of citizenship and Defendant Kobach's newly issued 90-day rule will unlawfully remove Mr. Cromwell, or subject him to removal, from the statewide voter registration database.  The State is required to designate him a valid voter registrant under 52 U.S.C.A. § 20505.

58.      The 90-day rule issued by Defendant Kobach requires all county elections officers to deem applications received from the department of motor vehicles "incomplete" if they do not include documentation of U.S. citizenship and cancel those applications after 90 days.  K.A.R. § 7-23-15.

59.     Defendant Shew, as a county elections officer, will be required to unlawfully remove the Plaintiffs from the statewide voter registration database pursuant to K.A.R. § 7-23-15.

60.     This is a violation of the NVRA as this is not a lawful reason to remove a voter from the statewide voter registration database.

## COUNT III
### (Violation of NVRA 52 U.S.C.A. § 20507(a)(3))

61.     The Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs as if fully set forth herein.

62.     The NVRA requires states shall "provide that the name of a registrant may not be removed from the official list of eligible voters except (A) at the request of the registrant; (B) as provided by State law, by reason of criminal conviction or mental incapacity; or as provided under paragraph (4)." 52 U.S.C.A. § 20507(a)(3).

63.     The states may conduct a general program that makes reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of (A) death of the registrant; or (B) a change in the residence of the registrant, in accordance with subsections (b), (c) and (d). 52 U.S.C.A. § 20507(a)(4).

64.     The 90-day rule issued by Defendant Kobach does not meet the requirements of the NVRA as it is not removing individuals ineligible to vote in federal elections due to death, felony conviction, mental incapacity or change of residency.

65.     The 90-day rule is removing, or subjecting to removal, eligible federal voters from the statewide voter registration database for failure to provide documentation of their U.S. citizenship.

66.     The NVRA preempts this requirement for federal voters and instead deems attestation under threat of perjury of U.S. citizenship is sufficient for federal voters in federal elections.

67.     The Defendants removal of the Plaintiffs, or subjecting the Plaintiffs to removal, for failure to provide citizenship documentation violates the holding in *Arizona v. Inter-Tribal Council of Arizona* and the NVRA.  133 S. Ct. at 2257.

## COUNT IV
### (Violation of NVRA 52 U.S.C.A. § 20507(c)(2)(A))

68.     The Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs as if fully set forth herein.

69.     The NVRA provides that a "State shall complete, not later than 90 days prior to the date of a primary or general election for Federal office, any program the purpose of which is to systematically remove the names of ineligible voters from the official lists of eligible voters.  52 U.S.C.A. § 20507(c)(2)(A).

70.     The 90-day rule is a voter removal program as defined by the NVRA and therefore must cease operation no later than 90 days prior to the date of a primary or general election for Federal office.

71.     The 90-day rule is a continuous rule that does not provide for a cutoff date not later than 90 days prior to the date of a primary or general election for Federal office.

72.     The operation of the 90-day rule within 90 days of a primary or general election is a violation of NVRA 52 U.S.C.A. § 20507(c)(2)(A).

## COUNT V
### (Violations of Privileges and Immunities Clauses, U.S. Const. Art. IV, § 2; Fourteenth Amendment – Right to Travel)

73.     Plaintiffs re-allege and incorporate all of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

74.     The Privileges and Immunities Clauses of Article IV and the Fourteenth Amendment to the U.S. Constitution protect a fundamental right to travel.  U.S. Const. Amend. 14, § 1.

75. In *Saenz v. Roe*, the United States Supreme Court recognized that "for those travelers who elect to become permanent residents" of another state, the right to travel encompasses "the right to be treated like other Citizens in that State." 526 U.S. 489, 500 (1999). The right of a newly arrived citizen to the same privileges and immunities enjoyed by other citizens of the same state is protected not only be the new arrival's status as a state citizen, but also by her status as a citizen of the United States. *Id* at 502-03.

76. Due to the embarrassingly large amount of Kansans on the suspense list following the effective date of Kan. Stat. Ann. § 25-2309(l), Defendant Kobach began taking steps to independently verify the citizenship of individuals on the suspense list who were born in Kansas. However, Defendant Kobach did not do this for individuals on the suspense list who were born outside of the state of Kansas. Thus, the burden of Kan. Stat. Ann § 25-2309(l) is being applied discriminatorily to only those born outside of the State of Kansas.

77. Approximately 29% of the registrants who were suspended as of September 30, 2015, have come off the Suspense List and are now listed as registered active or inactive voters by the Kansas Secretary of State's Office. Most registrants transferred to active or inactive status by the Secretary of State's Office have not affirmatively provided documentary proof of citizenship. Rather, Defendant Kobach has independently registered many individuals on the suspense list by checking their records against Kansas birth certificates with the KDHE and the KDOR without any affirmative contact from the individual suspended voters.

78. Defendant Kobach provides information from individual voter registration applications, including name, gender, date of birth, and the last four digits of the person's social security number, to KDHE and KDOR, which then cross-references the information to see if there is a matching Kansas birth certificate on file that could be used to confirm the voter's citizenship.

On certain occasions, Kansas marriage license records are also checked to try to identify individuals who have married and changed their names.

79.     Defendant Kobach has applied these efforts in a manner that discriminates against citizens born or married outside of Kansas.  The Secretary of State does not generally coordinate with vital records agencies located in other states in order to verify citizenship.  Therefore, citizens born and/or married in other states do not typically receive the benefit of Defendant Kobach's effort to verify citizenship because neither KDHE nor KDOR access out-of-state birth or marriage records.

80.     Defendant Kobach's independent actions to verify citizenship discriminates against Kansas residents born or married outside the State of Kansas.  Such discrimination against those who have moved into Kansas from out of state violates the right to travel protected by the Fourteenth Amendment of the Constitution and recognized by the United States Supreme Court.

## ENTITLEMENT TO RELIEF

71.     By virtue of the violation of the Fourteenth Amendment to the U.S. Constitution and the NVRA described in the preceding paragraphs, Plaintiffs and all members of the class are entitled to sue the Defendant who committed these violations described therein and receive declaratory and injunctive relief pursuant to 52 U.S.C.A. § 20510 and to obtain other such equitable or remedial relief as the Court may deem appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all members of the class demand judgment against Defendants on each Count of the Complaint and the following relief:

1.     A declaration that K.S.A. § 25-2309(l) violates the Fourteenth Amendment of the U.S. Constitution.

2.      A declaration that K.A.R. § 7-23-15 violates 52 U.S.C.A. § 20507(a)(1), 20507(a)(3) and 20507(c)(2)(A) of the NVRA.

3.      A declaration that K.S.A. § 25-2309(l) is pre-empted by to 52 U.S.C.A. § 20504(a)(1) of the NVRA.

4.      Permanent injunctive relief against the Defendant prohibiting the application and enforcement of K.S.A. § 25-2309(l) and K.A.R. § 7-23-15.

5.      Order Defendants to verify documentary proof of citizenship on file with agencies outside of Kansas in the same manner as the work with KDHE and KDOR to confirm the citizenship of suspended voters.

6.      Award Plaintiffs attorneys' fees and costs pursuant to 52 U.S.C. § 20510; and

7.      Other such and further relief this Court deems proper.

Dated: March 17, 2016

                                        **DENTONS US LLP**

                                        /S/ Mark P. Johnson
                                        Mark P. Johnson #22289
                                        Curtis E. Woods MO # 27065
                                        Samantha J. Wenger #25322
                                        Dentons US LLP
                                        4520 Main Street
                                        Suite 1100
                                        Kansas City, MO 64111
                                        816/460-2400
                                        816/531-7545 (fax)
                                        Mark.johnson@dentons.com
                                        Samantha.wenger@dentons.com
                                        Curtis.Woods@dentons.com


                                        **FAGAN EMERT & DAVIS, L.L.C.**

                                        /s/ William R. Lawrence IV
                                        William R. Lawrence, IV        #26021
                                        Paul T. Davis                  #18550
                                        730 New Hampshire Street, Suite 210
                                        Lawrence, KS 66044

(785) 331-0300 – Telephone
(785) 331-0303 – Facsimile
wlawrence@fed-firm.com

## Designation of Place of Trial

Plaintiffs hereby designate Kansas City, Kansas as Place of Trial.

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of March, 2016, I electronically filed the above and foregoing document using the CM/ECF system, which automatically causes notice and a copy of this filing to be sent to all counsel of record.

/s/William R. Lawrence IV
William R. Lawrence, IV
Attorney for Plaintiffs