IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PARKER BEDNASEK,

    Plaintiff,

    v.

KRIS KOBACH, KANSAS SECRETARY OF STATE, and JAMIE SHEW, DOUGLAS COUNTY CLERK,

    Defendants.

Case No. 15-9300-JAR-JPO

## MEMORANDUM AND ORDER

Fed. R. Civ. P. 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk **must** enter the party's default."[1] On October 11, 2016, upon Plaintiff's application, the Clerk of Court entered default under Fed. R. Civ. P. 55(a) as to Defendant Kris Kobach for failure plead or otherwise defend because he had not filed a timely answer to the Third Amended Complaint. Later that day, Defendant Kobach filed his Answer.[2] Before the Court is Plaintiff's Motion to Strike Answer (Doc. 117), and Defendant's Motion to Set Aside Default and for Leave to File Answer Out of Time (Doc. 120). Briefing was expedited on these motions in light of the upcoming pretrial conference set before Magistrate Judge O'Hara on October 20, 2016. The motions are fully briefed and the Court is prepared to rule. As set forth in detail below, the Court grants Defendant's motion to set aside and file answer out of time, and therefore finds moot Plaintiff's motion to strike.

---

[1] Fed. R. Civ. P. 55(a) (emphasis added).
[2] Doc. 116.

I.     **Motion to Set Aside Default**

Under Rule 55(c), the Court may set aside a clerk's entry of default if good cause is shown. When making this determination, the Court must consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[3] The Court need not consider all of these factors, but is mindful that "willful failure alone may constitute sufficient cause for the court to deny the motion."[4] The standard is "fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'"[5]

These factors weigh in favor of setting aside the entry of default. Defendant Kobach argues that his default was not willful, and that he believed the answer deadline had been vacated by the Court at the conclusion of the June 16 class certification hearing. Although it appears evident that Defendant's delay was not willful, his argument that the answer deadline had been vacated or stayed is not well taken. The Third Amended Complaint was filed on March 21, 2016, after leave was granted by Judge O'Hara.[6] Four days later, Judge O'Hara entered a Scheduling Order. The Scheduling Order did not provide for an answer deadline, but it did provide a deadline for motions to dismiss on March 31, 2016.[7] On that date, Defendant Shew filed his Answer,[8] and Defendant Kobach opted to file a motion to dismiss under Rule 12,[9] which

---

[3] *See, e.g.*, *Guttman v. Silverberg*, 167 F. App'x 1, 3 (10th Cir. 2005).

[4] *Id.*

[5] *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

[6] The Court notes that Defendant waived his opportunity to object to Plaintiffs' motion for leave to file the Third Amended Complaint; the motion was granted after the expedited response time had passed with no response filed. *See* Docs. 85–88.

[7] *See* Doc. 91 at 3–4 (listing deadlines and settings).

[8] Doc. 93.

[9] Doc. 94.

stays the responsive pleading deadline until the Court can rule on the motion.[10]  Although it is true that the Court vacated deadlines previously set by the Scheduling Order at the conclusion of the class certification hearing in June, the Scheduling Order did not provide a deadline for the answer, and to the extent the motion to dismiss deadline could be construed as an answer deadline, that deadline had long since passed at the time of the class certification hearing.  The answer deadline is governed instead by Fed. R. Civ. P. 12(a).  Moreover, the Court did not issue a stay pending appeal of a separate case that had been consolidated for discovery purposes only.  The Court clearly advised counsel at that hearing that the Scheduling Order deadlines would be stayed until the dispositive motions had been ruled on, at which time new deadlines would be set.  In accordance with this plan, a scheduling conference was set after this Court ruled on dispositive motions.  New deadlines were issued on September 14, 2016.[11]

Because Defendant Kobach opted to file a motion under Rule 12, his answer was due on August 12, 2016, fourteen days after the Court's ruling on his motion to dismiss.  The Court declines to find that his failure to answer was excused by the Court's decision to vacate the Scheduling Order deadlines.  And even if the Court's vacatur of Scheduling Order deadlines included the answer deadline, on September 14, 2016, the Court conducted a telephonic scheduling conference and entered new deadlines.  Assuming Defendant Kobach's answer deadline had been stayed, that stay was no longer in place after September 14.  Nonetheless, Defendant's negligence in missing the answer deadline was not willful.  Defendant mistakenly, but honestly, believed that deadline had been indefinitely stayed.

The Court finds no prejudice to Plaintiff in setting aside the entry of default.  The only filings so far surrounding the default are brief filings establishing that the Answer deadline was

---

[10]Fed. R. Civ. P. 12(a)(4).
[11]Doc. 109.

not met, and asking the Court to strike the Answer for failure to obtain prior leave of Court.[12] There have been no substantive developments since the motion to dismiss was granted, other than resetting deadlines at a September status conference, including deadlines associated with an upcoming pretrial conference. Of course, after the pretrial conference, a pretrial order will be entered that will "control[] the course of the action"[13] going forward, and typically supersedes the pleadings.[14]

Finally, the Court finds that Defendant Kobach has presented a meritorious defense. "The rule requires a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious."[15] Defendant's Answer enables this Court to conclude that if his version of the facts and law are believed, he would be meritorious. This is a case of constitutional significance and public interest. The parties vehemently dispute whether the Kansas S.A.F.E. Act,[16] which imposes a documentary proof of citizenship requirement on all Kansans who register to vote for the first time after the effective date of the Act, passes constitutional muster. Plaintiff alleges the law violates the Due Process and Privileges and Immunities Clauses of the United States Constitution. Defendant denies any constitutional violation. The case deserves to be decided on the merits and not through procedural default. Defendant's motion to set aside default is therefore granted.

---

[12]Docs. 112, 117.

[13]Fed. R. Civ. P. 16(d).

[14]*See Weyerhauser Co. v. Brantley*, 510 F.3d 1256, 1267 (10th Cir. 2007).

[15]*Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001).

[16]K.S.A. § 25-2309(l).

## II.     Motion for Leave to Answer Out of Time

A request to file out of time requires a showing of excusable neglect.[17] Excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.[18] The determination of whether excusable neglect has been established is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission including, (1) the danger of prejudice, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect, and (4) whether that party acted in good faith.[19]

As already discussed, the Court finds good cause for Defendant's failure to file a timely Answer to the Third Amended Complaint.  The Court also finds Defendant's neglect is excusable.  Although the delay was within the reasonable control of Defendant, the danger of prejudice is low, as already discussed.  The impact of the delay on the judicial proceedings is negligible.  The parties have already submitted a proposed pretrial order to Judge O'Hara, and their pretrial conference is set for October 20.  The delay has not affected the schedule in this case, established at the September 14 scheduling conference.  Finally, the Court finds no evidence of bad faith.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Set Aside Default and for Leave to File Answer Out of Time (Doc. 120) **granted**.  The Clerk's Entry of Default is hereby set aside.

---

[17]*Crutcher*, 205 F.R.D. at 585.

[18]*Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 391–92 (1993).

[19]*Id.* at 395; *see also Bishop v. Corsentino*, 371 F.3d 1203, 1206–07 (10th Cir. 2004); *City of Chanute v. Williams Natural Gas*, 31 F.3d 1041, 1046 (10th Cir. 1994).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Answer (Doc. 117) is **moot**.

**IT IS SO ORDERED.**

Dated: October 19, 2016

                                                      S/ Julie A. Robinson
                                                     JULIE A. ROBINSON
                                                     UNITED STATES DISTRICT JUDGE