IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PARKER BEDNASEK,

    Plaintiff,

v.

KRIS KOBACH, SECRETARY OF STATE
FOR THE STATE OF KANSAS,

    Defendant.

Case No. 15-9300-JAR

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Parker Bednasek's Motion in Limine to Exclude Testimony, and Survey of Patrick McFerron (Doc. 183). The motion is fully briefed and the Court is prepared to rule.[1] For the reasons explained below, the Court grants in part, denies in part, and takes under advisement in part Plaintiff's motion to exclude.

**I.**    **Background**

From March 8, 2016 until November 3, 2016, this case was consolidated with the case of *Fish v. Kobach*, Case No. 16-2105 for pretrial management and discovery. The *Fish* case was designated as the "lead" case, therefore all discovery-related filings were to bear a consolidated caption, and be filed in that case only.[2] On May 17, 2016, Defendant filed a Notice of Service of Rule 26(b) Expert Report in the *Fish* case, attaching the report of Hans von Spakovsky.[3]

---

[1] Plaintiff incorporates by reference the brief in support filed by Plaintiffs in the companion case of *Fish v. Kobach*, No. 16-2105, Doc. 460.

[2] This case was de-consolidated after discovery, and the parties proceeded with separate dispositive motion deadlines. The cases have been scheduled for a consolidated trial, with the parties agreeing to present common witnesses together, and then proceed seriatim with evidence specific to each case. *See Fish*, Joint Status Report, Doc. 422.

[3] *Fish*, Doc. 128. Defendant improperly attached von Spakovsky's expert report to this notice. *See* Fed. R. Civ. P. 26(a)(2); D. Kan. R. 26.3 (providing that disclosures under Rule 26(a)(2) are not to be filed, but instead a

Attached to that report is a survey of 500 Kansans by CHS & Associates, conducted between May 9 and 11, 2016. Pat McFerron drafted the survey results relied on by von Spakovsky in his expert report. McFerron is listed on the CHS report as the President of CHS & Associates, which is in Oklahoma City, Oklahoma. On May 31, 2016, the *Fish* Plaintiffs filed a notice of deposition for McFerron, scheduled for June 7, 2016. According to Defendant's brief, this deposition lasted for about six hours. Plaintiffs' counsel asked McFerron whether he purported to testify as an expert in this case, and he testified that he did not believe so. He testified about the survey, its methodology, and its results. McFerron was never disclosed as an expert witness under Fed. R. Civ. P. 26(a)(2); he has not prepared an expert report in this matter. The Court assumes that McFerron was disclosed as a fact witness, although neither party makes clear whether he was initially disclosed as a fact witness under Rule 26(a)(1).

Defendant submitted the von Spakovsky expert report, along with the attached McFerron survey in the *Fish* case, in support of his motion for summary judgment. Plaintiffs filed a motion to exclude this report and the attached survey under Fed. R. Evid. 702 and *Daubert*. In a January 3, 2018 ruling in the *Fish* matter, the Court excluded the survey for purposes of summary judgment, finding that von Spakovsky was not qualified to opine about the McFerron survey results and methodology.

On January 30, 2018, Defendant filed his final witness disclosures,[4] in advance of the March 6, 2018 trial date. McFerron is listed as a fact witness by written deposition. Also on that date, Defendant filed his deposition designations, which include a significant portion of

---

certificate of service should be filed stating the type of disclosure or discovery served, the date and type of service, and the party served).

[4]Doc. 176.

McFerron's deposition.[5]  Plaintiff now moves in limine to exclude McFerron's testimony, strike and exclude from trial his deposition designations, and exclude his survey.  He argues that McFerron's testimony is inadmissible lay opinion, and that it should be excluded as expert opinion because it was not disclosed under Rule 26(a)(2), and that Defendant's failure to disclose was neither harmless nor substantially justified.  Moreover, if the Court is inclined to allow McFerron's opinion testimony, Plaintiff asks that Defendant be required to produced him as a live witness.  Finally, Plaintiff seeks to exclude the survey as inadmissible hearsay.

## II.   Discussion

### A.   Lay versus Expert Opinion Testimony

Plaintiff's requested relief depends in part on whether McFerron's proposed testimony about the 2016 survey constitutes lay or expert opinion.  Fed. R. Evid. 701 governs lay opinion testimony:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

The Tenth Circuit has explained that "Rule 701 'does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness.'"[6]  Examples of lay opinion evidence are "the appearance of persons or things, identity, the manner of conduct, competency of a person,

---

[5] Doc. 175 at 1–2.

[6] *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011) (quoting *Randolph v. Collectramatic, Inc.*, 590 F.2d 844, 846 (10th Cir. 1979)).

degrees of light or darkness, sound, size, weight, distance, and an endless number of items that cannot be described factually in words apart from inferences."[7]

First, Defendant maintains that McFarron's proposed testimony qualifies as lay opinion testimony because it does not involve specialized skill or knowledge, but instead merely relays the survey's questions and results. His final witness disclosure describes McFarron's testimony as follows:

> Mr. McFerron is expected to testify regarding the survey he designed and conducted of Kansans in May of 2016. Mr. McFerron will testify consistent with other subject matters addressed in his deposition given in this case on 6/07/16 including how the study was conducted and its results.
>
> Mr. McFerron will testify that after controlling for gender, age, and geographic region in order to replicate US Census information, the study revealed that requiring proof of citizenship in order to register to vote is not a concern for residents and is not hampering voter registration. Among those not registered to vote, only one (who later acknowledged having access to a birth certificate) mentioned documentation as a reason for not being registered to vote. This was far outdistanced by those who said they had no interest in voting, those with felony convictions and those who for personal reasons (having moved, just turned of age, or had not made time) had not registered to vote. Fully 96% of the respondents with legal status indicated they had ready access to a birth certificate showing them being born in the United States or on a US territory. When just including a US Passport option, this percentage grows to 98% having one of these two documents. This increases to 99% when including other hospital records or military records. Access to a birth certificate is nearly universal with all age and income groups reporting 95% having access. Similarly, those of Hispanic descent are just as likely to have access to a birth certificate showing US birth (96%) as are those not of Hispanic descent (96%). Not only does this law not provide an obstacle to legal residents voting, it is embraced by them. Fully 77% of all respondents favor the law and only 14% oppose it. Even among those not registered to vote, 77% are supportive of the

---

[7]*Id.* (quoting *Asplunch Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1196 (3d Cir. 1995)).

>law.  This group is actually less opposed (10%) than are those who
>are registered to vote (15%).[8]

Plaintiffs respond that the described testimony is based on specialized knowledge in survey design and methodology, which is beyond the realm of common experience.  The Court agrees.

While it is true that McFerron has firsthand knowledge of the survey's questions and results, Rule 701 applies where the witness offers "observations that are common enough and require . . . a limited amount of expertise, if any."[9]  McFerron plainly offers testimony that requires expertise in survey design and methodology.  For example, he plans to testify about the survey's attempts to control for gender, age, and geographic region based on census data.  The description submitted by Defendant in paragraph 2 of McFerron's final witness disclosure plainly includes an interpretation of the survey's results.  And his deposition testimony includes recitation of his past survey experience, educational background, expertise in surveying, and an explanation of the methodology behind his survey results.

Defendant characterizes the survey's methodology as basic math.  In *Bryant v. Farmers Insurance Exchange*, the Tenth Circuit allowed lay opinion testimony about "a simple average of 103 numbers," explaining that basic mathematical calculations, "well within the ability of anyone with a grade-school education is, in our opinion, more aptly characterized as a lay opinion under Fed. R. Evid. 701."[10]  The Tenth Circuit has also approved of accountant testimony on lost profits under Rule 701 where the accountant prepares such valuations based on

---

[8] Doc. 176 at 2.

[9] *James River*, 658 F.3d at 1214 (quoting *United States v. VonWillie*, 59 F.3d 922, 929 (9th Cir. 1995)).

[10] *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1124 (10th Cir. 2011).

5

personal experience with the company, uses "basic arithmetic," and "no outside expert reports."[11]

The Court finds that McFerron's survey results go beyond the simple math previously allowed under Rule 701 in this circuit. Defendant hired a professional research firm to conduct this survey; his office did not conduct the survey. This witness relies on his extensive polling experience and educational background in testifying about the survey's methodology and results. McFerron's testimony, as described in the final witness disclosure, will be offered by Defendant to show that this survey is reliable and helpful to the trier of fact. The Court cannot determine admissibility of this survey without such expert testimony.[12] Because the Court finds that McFerron's testimony does not satisfy Rule 701, Defendant's prior designation of McFerron as a fact witness was insufficient under Rule 26(a)(2).

### B. Failure to Disclose

Under Fed. R. Civ. P. 37(c)(1), when a party fails to designate a witness as required by Fed. R. Civ. P. 26(a),

> the party is not allowed to use that information or witness to supply
> evidence on a motion, at a hearing, or at a trial, unless the failure
> was substantially justified or is harmless. In addition to or instead
> of this sanction, the court, on motion and after giving an
> opportunity to be heard:
> (A) may order payment of the reasonable expenses, including
> attorney's fees, caused by the failure;

---

[11] *Ryan Dev. Co. v. Indiana Lumbermens Mut. Ins. Co.*, 711 F.3d 1165, 1170 (10th Cir. 2013).

[12] *See, e.g.*, *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1544–46 (10th Cir. 1996) (explaining that a survey is admissible as an exception to the hearsay rule if it has guarantees of trustworthiness, which will be the case where "it is shown to have been conducted according to generally accepted survey principles." (quoting *Brunswick Corp. v. Spirit Reel Co.*, 832 F.2d 513, 522 (10th Cir. 1987)); *M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1087 (9th Cir. 2005) (rejecting survey because its creator did not qualify as an expert); *Valador, Inc. v. HTC Corp.*, 242 F. Supp. 3d 448, 457 (E.D. Va.), *aff'd*, 707 F. App'x 138 (4th Cir. 2017) (explaining that survey is properly excluded where witness did not qualify as an expert); *Pfizer Inc. v. Sachs*, 652 F. Supp. 2d 512, 521 (S.D.N.Y. 2009) (excluding "ad hoc survey" where the proponent did not submit an expert and the survey was found to be fundamentally flawed). *But cf. Scott v. City of New York*, 591 F. Supp. 2d 554, 559–60 (S.D.N.Y. 2008) (allowing survey evidence despite failure to designate expert where survey was jointly developed by the parties and administered by neutral third-party survey firm).

> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).[13]

In determining whether a failure to disclose is harmless or substantially justified, the Court looks to several factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[14]

In his response brief, Defendant suggests Plaintiff was on notice that McFerron was to be a lay witness, not an expert witness, and therefore any error in designation was harmless. But the Court has rejected Defendant's argument that McFerron's testimony qualifies as lay testimony, and the *Fish* Plaintiffs' perception in June 2016 about whether McFerron would testify as a lay or expert witness does not dictate the prejudice inquiry. Instead, this Court must determine whether Defendant's failure to properly designate McFerron *as an expert witness* was harmless or substantially justified.

The parties dispute the prejudice and surprise factor given the *Fish* Plaintiffs' extensive deposition of McFerron in June 2016, during which their counsel examined McFerron about his educational background, prior survey experience, and survey methodology. As the *Fish* Plaintiffs have explained, the prejudice and surprise here does not necessarily stem from their inability to depose the witness. Rather, the prejudice and surprise stems from Defendant's failure to follow the dictates for expert designations set forth in Rule 26(a)(2) and the Court's scheduling orders.[15] Failure to follow these rules allowed Defendant to circumvent disclosure

---

[13] Fed. R. Civ. P. 37(c)(1).

[14] *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1130 (10th Cir. 2011) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

[15] *See* Fed. R. Civ. P. 26(a)(2) (requiring written expert reports or disclosures and providing separate disclosure deadlines); Docs. 91, 138.

obligations that better allow Plaintiffs to prepare for dispositive motions, and to retain a rebuttal witness. Moreover, because Defendant never designated McFerron as an expert, nor informally identified him as such prior to the pretrial *Daubert* motion deadline, Plaintiffs lost their opportunity to file a motion to exclude under Rule 702 and *Daubert* by the deadline set forth in the pretrial deadlines order. This most certainly caused Plaintiffs prejudice and surprise.

Nonetheless, the Court agrees that Plaintiffs' deposition, coupled with their retention of a rebuttal expert that has submitted an opinion about the reliability of the study, undercuts the degree of prejudice and surprise associated with McFerron's testimony about the survey's results, and its reliability. Plaintiffs explored McFerron's qualifications and the survey's methodology during that deposition. And, importantly, the *Fish* Plaintiffs filed a motion to exclude prior to summary judgment, that raised several reliability challenges to the survey in the context of von Spakovsky's expert report, to which the survey was attached.[16] The Court did not reach Plaintiffs' reliability argument in ruling on that motion because it found that von Spakovsky was not qualified to testify about it. Plaintiffs recently renewed their motion to exclude von Spakovsky's expert testimony, and this survey.[17] These facts demonstrate that Plaintiffs have had some opportunity to cure the prejudice associated with Defendant's failure to designate this expert witness. The Court further finds that introducing this testimony would not disrupt the trial, and that Plaintiffs have not shown bad faith or willfulness by Defendant.

While Plaintiffs have been able to cure some of the prejudice associated with Defendant's failure to properly designate this expert witness, prejudice and surprise remain because no expert report was filed, and Plaintiffs were not afforded an opportunity to present a timely motion to

---

[16] *Fish*, Doc. 392.

[17] *Fish*, Doc. 428.

exclude this witness.[18]  Therefore, the Court determines Defendant may not present McFerron's testimony at trial by deposition.  Under Fed. R. Civ. P. 32(a), a deposition may be used against a party if:

> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
> (C) the use is allowed by Rule 32(a)(2) through (8).

Under Rule 32(a)(4), a party may use a deposition if the Court finds that the witness is unavailable, which includes when the witness is located more than 100 miles from the place of trial.

Although the Tenth Circuit has not recognized a distinction between fact and expert witnesses for purposes of Rule 32(a), several courts in this circuit have recognized important considerations that may counsel in favor of requiring such testimony be presented live.[19]  The Court is not automatically required to allow a witness to testify by deposition when they are located more than 100 miles away, especially when the trier of fact is required to evaluate the witness's credibility, and where there is unfair surprise.[20]

---

[18] Plaintiffs attach their informal communications with defense counsel before the motion to exclude deadline, in which Defendant identified his experts as Richman, von Spakovsky, and Camarota.  *Fish*, Doc. 460-1, 460-2.  Plaintiffs filed motions to exclude all three of these witnesses by the deadline.

[19] *See Polys v. Trans-Colorado Airlines, Inc.*, 941 F.2d 1404, 1410 (10th Cir. 1991) (recognizing that expert may be able to testify by deposition but finding no error when district court refused to admit based on unfair surprise); *In re Air Crash Disaster at Stapleton Int'l Airport*, 720 F. Supp. 1493, 1501–02 (D. Colo. 1987) ("the admission of deposition testimony in lieu of oral testimony lies in the sound discretion of the trial court"); *SolidFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-cv-1468-WJM-BNB, 2014 WL 1319361, *6 (D. Colo. Apr. 2, 2014) ("whether to admit expert deposition testimony under Rule 32(a) appears to be within the discretion of the district court."); *Nichols v. Am. Risk Mgmt. Inc.*, No. 89Civ.2999(JSM)(AJP), 2000 WL 97282, at *2 (S.D.N.Y. Jan. 28, 2000) ("The paucity of case law is easily explained. In most cases, the party who hired the expert wants that expert to testify live at trial before the trier of fact, and so either hires a local expert or insures that its expert is willing to come to trial.").

[20] *See Polys*, 941 F.2d at 1410; *Air Crash*, 720 F.2d at 1502.

The Court agrees with Plaintiffs that the factors set forth by Judge Finesilver of the District of Colorado in the *In re Aircrash* decision should guide this Court's inquiry:

> Because of the judicial preference for personal testimony in court, the court must balance various factors toward the ends of fairness: (1) offeror's need for the evidence to be presented through the deposition, (2) opportunity provided the opponent to cross-examine the deposition witness on those issues, (3) nature of the evidence to be presented, (4) jury's need to observe the demeanor and credibility of the witness, and (5) actual unavailability of the witness, as distinguished from mere geographic distance from the courthouse.[21]

Defendant does not address Plaintiffs' request that McFerron be required to testify live and not by deposition. Therefore, the Court gives no weight to his need for this evidence to be presented by deposition. The Court presumes, given McFerron's location in Oklahoma, that the basis for designating him to testify by deposition is his distance from the place of trial. But there is no indication that actual unavailability, beyond mere distance from the courthouse, is the reason for Defendant's deposition designation.

While it is true that Plaintiffs had an opportunity in June 2016 to depose this witness, the Court finds that the nature of the evidence to be presented, in addition to this Court's need to observe the demeanor and credibility of the witness, counsels in favor of live testimony as an alternative sanction to excluding McFerron altogether. As already explained, Defendant offers expert testimony through this witness despite failing to properly designate him or produce an expert report. The Court may allow Plaintiffs an opportunity to move for exclusion under Rule 702 and *Daubert* out of time. Moreover, Plaintiffs move to exclude the survey as hearsay, which will require the Court to determine its trustworthiness.[22] These inquiries require the Court to

---

[21]*Air Crash*, 720 F. Supp at 1502.

[22]*Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1545 (10th Cir. 1996).

evaluate credibility and demeanor of this expert witness in its gatekeeping role.  Therefore, while the Court will not wholly exclude this witness under Rule 37 for failure to designate under Rule 26(a)(2), it will require him to be called live and allow Plaintiffs a full and fair opportunity to seek exclusion of his untimely expert opinion.

### C. Hearsay

Finally, Plaintiff argues that McFerron's survey evidence and testimony is inadmissible hearsay.  Survey evidence is admissible in this circuit as an exception to the hearsay rule "if the survey is material, more probative on the issue than other evidence and if it has guarantees of trustworthiness."[23]  The Court will find a survey trustworthy "if it is shown to have been conducted according to generally accepted survey principles."[24]  The Court takes this objection under advisement, and will rule after hearing McFerron's live testimony at trial.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Parker Bednasek's Motion in Limine to Exclude Testimony, and Survey of Patrick McFerron (Doc. 183) is **granted in part, denied in part, and taken under advisement in part**.  The Court denies Plaintiff's motion to exclude, grants the motion to strike his deposition designation, and takes under advisement Plaintiff's objection to the admissibility of the survey.

**IT IS SO ORDERED.**

Dated: February 27, 2018

                S/ Julie A. Robinson
                JULIE A. ROBINSON
                CHIEF UNITED STATES DISTRICT JUDGE

---

[23] *Id.* (quoting *Brunswick Corp. v. Spirit Reel Co.*, 832 F.2d 513, 522 (10th Cir. 1987)).
[24] *Id.*