# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**PARKER BEDNASEK,**

    **Plaintiff,**

    **v.**

**SCOTT SCHWAB, in his official capacity as Secretary of State for the State of Kansas,**

    **Defendant.**

Case No. 15-9300-JAR

## ORDER

On January 28, 2021, Plaintiff Parker Bednasek filed his Motion for Attorney Fees, as well as his memorandum in support and supporting documentation.[1] Before the Court is Secretary of State Scott Schwab's Motion for Extension of Time (Doc. 238) to respond to the fee motion until March 29, 2021. Plaintiff objects to the length of the requested extension, consenting to an extension only until February 25, 2021.

Under the Court's local rule, Plaintiff was required to "promptly initiate consultation with the other party," upon filing their motion for attorney fees.[2] If the parties disagree after consulting, a statement of consultation and memorandum in support of fees, along with documentation, must be filed within 30 days of the fee motion. According to the correspondence attached to Plaintiff's response, he initiated consultation with the Kansas Attorney General's ("AG") office, as required by the rule, on December 29, 2020, offering to meet on January 7 or 8.

---

[1] Docs. 236, 237.

[2] D. Kan. R. 54.2(a).

The AG's office did not direct Plaintiff to the attorney in that office with consultation authority, Mr. Stanley Parker, until January 14, 2021. The following day, Mr. Parker advised Plaintiff's counsel that he could not "comment" on the fee request until he reviewed it, and that he would confer after review.[3] Therefore, Plaintiff agreed to file his memorandum in support of the fee request and supporting documentation along with the fee motion on January 28, 2021, and set up a consultation meeting with Mr. Parker for February 8, 2021, at noon.

On the morning of the scheduled consultation, Mr. Parker emailed Plaintiff's counsel with some substantive objections to the January 28 request and advised that he needed additional time to review before he would be prepared to consult. He calculated the consultation deadline as March 1, and asked if Plaintiff's counsel would object to rescheduling the consultation for February 26 and extending the response deadline to March 30. Plaintiff responded by email that he objected to the requested extension. Defendant then filed the instant motion and Plaintiff objected.

Defendant's request is complicated by the fact that, as a courtesy, Plaintiff filed the memorandum in support of the fee request thirty days before it was due. The local rule contemplates a fee motion, followed by a thirty-day period for consultation.[4] After an *unsuccessful* consultation, Plaintiff must file within 30 days: (1) the statement of consultation; and (2) the memorandum in support of the fee request.[5] The opposing party's 14-day response deadline is triggered by the memorandum-in-support filing.[6] Had Plaintiff in this case followed this model and filed only a fee motion on January 28, followed by an *unsuccessful* consultation,

---

[3] Ex. B.

[4] D. Kan. R. 54.2(a)–(c), (e).

[5] Rule 54.2(c). If the parties reach an agreement, they must file a stipulation with the Court and submit a proposed order. Rule 54.2(b).

[6] Rule 54.2(e)

the statement of consultation *and* memorandum in support would not be due until March 1, 2021. If those documents were filed on the due date, the response deadline would be March 15, 2021. But here, Plaintiff submitted his memorandum early, as a courtesy, to aid with consultation. Even if Defendant responded within 14 days, the Court would not consider the motion "until the moving party files the statement of consultation in compliance with" the local rule.[7]

The underlying fee request involves a substantial amount of money, and time records over a lengthy period of time. Good cause exists for a reasonable extension of time to consider the documentation and respond if the motion is indeed contested. But the Court cautions the parties not to conflate or confuse the obligation to consult with the need to consider objections and respond. The consultation period is designed to provide the parties with ample time to mediate a fee request, not to provide the opposing party with additional time to strategize its responsive filing. Because Defendant was essentially given a thirty-day windfall of additional time to respond due to Plaintiff's early filing, the Court declines to extend the response deadline even further to March 29, particularly given Defendant's reticence to consult with Plaintiff before now.

Instead, the Court finds good cause for an extension of Defendant's response deadline until March 15, 2021—the date its response would be due if the parties had followed the typical order of filings contemplated by the Court's local rule. If the parties are able to set up consultation earlier than March 1, and that consultation effort proves unsuccessful, Defendant would obviously have more time to work on a response memorandum than if it chooses to wait until the March 1 deadline to consult.

---

[7] D. Kan. 54.2(d).

3

**IT IS THEREFORE ORDERED BY THE COURT** that Secretary of State Scott Schwab's Motion for Extension of Time (Doc. 238) is **granted in part and denied in part**. Defendant's extension of time to respond to Plaintiff's Motion for Attorney Fees is extended to **March 15, 2021**.

**IT IS SO ORDERED.**

Dated: February 22, 2021

                                                   S/ Julie A. Robinson
                                                   JULIE A. ROBINSON
                                                   CHIEF UNITED STATES DISTRICT JUDGE